FILED
IN CLERK'S OFFICE

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TINA KUFNER and KATHY LEE SCHOLPP, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Civ. Action No. 13-12864-DJC<br>) |
| PAUL SUTTELL et al., | )<br>)<br>) |
| Defendants. | )<br>) |

## PLAINTIFFS' RESPONSE TO MEMORANDUM AND ORDER REQUESTING CAUSE FOR NOT DISMISSING ACTION

By Memorandum and Order dated June 30, 2016, this Court required Plaintiffs to show cause "why the complaint should not be dismissed" for lack of subject matter jurisdiction. (Memorandum and Order, June 30, 2016,[1] p. 14.) In response, Plaintiffs offer the following statement to demonstrate why the dismissal of the Complaint at this preliminary stage of the litigation would be unwarranted.

### I. Standard of Review

It is beyond doubt that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). At this stage of the litigation, at which Defendants have not even answered the Complaint, the trial court must accept the material allegations of the Complaint as true, and must resolve all ambiguities and draw all inferences in favor of the party opposing the motion. *United States v. Bosurgi*, 530 F.2d 1105 (2d Cir., 1976).

---

[1] Hereafter, "Memorandum and Order."

1

In particular, since Plaintiffs assert civil rights claims, the instant action is entitled to a particularly liberal interpretation of their pleadings. They need only meet the "notice pleadings" standard under Fed. R. Civ. P. 8(a)(2). *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 113 S. Ct. 1160 (1993).

As demonstrated below, the instant Complaint pleads facts sufficient to withstand dismissal under the especially lenient standard the law requires. What is more, each of the reasons suggested by the Court for dismissing the Complaint is opposed by applicable precedent. Accordingly, Plaintiffs respectfully submit that dismissal of the Complaint is unwarranted.

## II. *Rooker-Feldman* Doctrine

The Court cites the *Rooker-Feldman* doctrine as a reason for dismissing the action, at least as to the civil rights claims and RICO claims, on the grounds that "a decision in plaintiffs' favor would undermine the state court judgments." (Memorandum and Order, p. 7.) Under relevant law, however, the doctrine is inapplicable here.

It is essential to the application of *Rooker-Feldman* that the federal plaintiff "had an opportunity to litigate a claim in a state proceeding," and that the plaintiff was a party to that proceeding. *Moccio v. New York State Office of Court Administration*, 95 F.3d 195, 199-200 (2nd Cir., 1995). Where the claims raised in a federal action "were never presented in the state court proceedings and the plaintiff did not have an opportunity to present the claims in those proceedings, the claims are not 'inextricably intertwined' and therefore not barred by *Rooker-Feldman*." 95 F.3d at 199.

The Court does not claim – and rightly does not claim – that the Plaintiffs herein were able to litigate their civil rights claims or RICO claims in state court. Indeed, federal

2

civil rights claims and RICO allegations could not have been litigated in the state court proceedings that underlie the instant action. Accordingly, these claims are not barred here under *Rooker-Feldman*. See *Storck v. Suffolk County Dep't of Soc. Services*, 62 F. Supp. 2d 927 (E.D.N.Y., 1999) (a constitutional challenge to a Family Court Act provision, which could not be litigated in the state court, was properly adjudicated by the federal district court).

Moreover, *Rooker-Feldman* bars federal subject matter jurisdiction only where the federal suit is "patently an attempt to collaterally attack the validity of [the state court judgment]." *Almon v. Sandlin*, 603 F.2d 503, 506 (5th Cir., 1979). Thus, the key question is whether "the 'essential relief' sought by the plaintiffs is reversal of the state court [judgment] against them." *Reed v. Terrell*, 759 F.2d 472, 473 (5th Cir., 1985). Obviously, what Plaintiffs seek in the instant action is not the reversal of state court judgments; rather, they seek new rulings and an award of damages resulting from federal civil rights violations. Accordingly, dismissal under *Rooker-Feldman* is unwarranted.

### III. Quasi-Judicial Immunity

The Court also suggests that Defendants who hold positions as Guardians ad Litem, social workers, psychologists, mediators and the like are entitled to absolute "quasi-judicial" immunity, thus requiring the dismissal of the Complaint against them. (Memorandum and Order, p. 9.) Again, this conclusion is unwarranted.

In *Saucier v. Katz*, 533 U.S. 194, 200-01 (2001), the U.S. Supreme Court held that a court's qualified immunity analysis must proceed in two steps. The threshold inquiry is whether, taken in the light most favorable to the party asserting the injury, "the facts alleged show the officer's conduct violated a constitutional right[.]" Next, if "a violation

3

could be made out on a favorable view of the parties' submissions, the court must ask whether the right was clearly established."

On this analysis, it is clear that the Defendants who acted under color of state law in this matter are not entitled to qualified immunity, let alone absolute immunity. Many federal decisions have clearly denied such immunity to caseworkers and similar professionals involved in child welfare, when their misconduct is alleged in federal court in the context of a civil rights action – as in this case. *See Mabe v. San Bernardino County Dept. of Public Social Services*, 237 F. 3d 1101, 1107 (9th Cir., 2001). Indeed, the general rule is that "state actors" are shielded by qualified immunity from liability for damages only when their conduct has not violated "clearly established statutory or constitutional rights of which a reasonable person would have known" *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738, 73 L. Ed. 2d 396 (1982) at the time of the actions. *See Anderson v. Creighton*, 483 U.S. 635, 639, 107 S. Ct. 3034, 3038, 97 L. Ed. 2d 523 (1987); *Pfannstiel v. City of Marion*, 918 F.2d 1178 (5th Cir.,1990). In this case, Plaintiffs allege that Defendants conspired to extort money from Plaintiffs, protect suspected child molesters and punish innocent mothers with the loss of child custody. Certainly, reasonable people would have known that such actions violated "clearly established statutory...rights." Accordingly, these Defendants are not entitled to immunity and dismissal would, accordingly, be improper. *See also Chrissy F. by Medley v. Mississippi DPW*, 925 F.2d 844, 850-51 (5th Cir., 1991), *citing Ryland v. Shapiro*, 708 F.2d 967 (5th Cir., 1983) ("While absolute immunity shields the District Attorney from liability for his decision not to prosecute...it does not protect him from liability for failure to comply with his obligation to report allegations of abuse to the Youth Court...")

It follows that, given the Complaint's allegations that the social workers, psychologists, mediators and other court-related personnel named as defendants failed to comply with well-known legal requirements, they are likewise not shielded by any immunity doctrine. Accordingly, dismissal of the Complaint is unwarranted.

## IV. Civil RICO

The Court suggests that Plaintiffs have not made out their civil RICO claims in sufficient detail (Memorandum and Order, p. 10) – although the Court acknowledges, elsewhere, that the Complaint is considerably detailed in its allegations (Memorandum and Order, pp. 2-3.)

Plaintiffs respectfully submit that the Court's analysis overlooks the relevant law. According to the Supreme Court, "RICO is to be read broadly"; that is, allegations of its elements are to be liberally construed. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 497, 105 S. Ct. 3275, 3285 (1985). Indeed, the Supreme Court has stated that language of the statute as well as "Congress' self-consciously expansive language and overall approach" mandate such a reading. 473 U.S. at 498, 105 S. Ct. at 3286. *See also Keystone Inc. Co. v. Houghton*, 863 F.2d 1125 (3rd Cir., 1988). Given the Court's admission that Plaintiffs' pleadings include many allegations and are made at considerable length, dismissal is clearly improper here. A liberal reading of Plaintiffs' claims reveals many specific allegations of bribes, fraudulent conduct, extortion, dishonest dealing, etc. Thus, the requirements of RICO, "read broadly" as the law requires, are met, and the Complaint cannot be dismissed.

The Court also suggests that Plaintiffs have not properly alleged damage to their "business or property." (Memorandum and Order, p. 11.) Yet Plaintiffs have alleged, in

considerable detail, that the actions of Defendants caused harm to their children and damaged their parent-child relationships. Federal law recognizes such damage as a basis for federal claims equivalent to claims of damage to "property." *See Stanley v. Illinois*, 405 U.S. 645, 92 S. Ct. 1208, 31 L. Ed. 2d 551 (1972). Accordingly, this is no adequate basis for dismissing Plaintiffs' RICO claims.

V. **Civil Rights Claims Under 42 § 1983 et al.**

The Court acknowledges that Plaintiffs have asserted and pleaded "constitutional violations." However, the Court questions the validity of such pleadings because they are "not supported by underlying facts." (Memorandum and Order, p. 12.) Plaintiffs respectfully disagree.

First, the extensive pleadings in the Complaint demonstrate clearly that many predicate facts are alleged, and not merely the "conclusory assertions" rejected by the Court. (Memorandum and Order, p. 13.) While the length of the Complaint may make it difficult, at first blush, to connect all of the specific factual allegations, that does not mean that no such facts are alleged. Quite the contary.

Second, the Court's implication that Plaintiffs' civil rights claims represent an attempt to attack or reverse state court judgments is unfounded, as shown above. What is more, even if it were true that Plaintiffs have not exhausted state court remedies – and it is not – this would not bar the instant civil rights claims. A plaintiff is not required to exhaust state remedies before pursuing a § 1983 action in federal court. *Monroe v. Pape*, 365 U.S. 167, 183 (1961); *Zimmerman v. Burch*, 494 U.S. 113, 124 (1990). Accordingly, the instant civil rights claims are not subject to dismissal.

## VI. Conclusion

For the reasons set out above, Plaintiffs respectfully pray the Court not to dismiss the Complaint.

Dated: August 2, 2016

_____
TINA KUFNER, Plaintiff

_____
KATHY LEE SCHOLPP, Plaintiff